UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DEWAYNE L. COOK,

    Petitioner,

v.                                        3:10-cv-506

FEDERAL BUREAU OF PRISONS and
KAREN F. HOGSTEN, Warden,

    Respondents.

## **MEMORANDUM**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner Dewayne L. Cook ("Cook"). For the reasons stated below, the respondents shall not be required to file an answer or other pleading to the petition and this petition will be **DISMISSED**.

Cook pleaded guilty to the following: conspiracy to distribute and possess with intent to distribute 50 or more grams of methamphetamine, in violation of 21 U.S.C. § § 846 & 841(b)(1)(B); using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In return for the guilty plea, the government dismissed two other drug charges, another § 924(c) firearm charge, and another § 922(g) felon in

possession charge. Cook subsequently filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which was denied. *Dewayne L. Cook v. United States*, Civil Action No. 3:03-cv-548 (E.D. Tenn. Oct. 25, 2006) (Judgment Order denying § 2255 motion).

Cook has now filed a habeas corpus petition under § 2241 and seeks to vacate his federal sentence in light of the recent Sixth Circuit decision in *United States v. Almany*, 598 F.3d 238 (6th Cir.), *vacated*, ___ S. Ct. ___, 2010 WL 2300485 (Nov. 15, 2010) (vacated and remanded for further consideration in light of *Abbott v. United States*, 562 U.S. ___, 131 S. Ct. 18 (2010)). Because Cook is challenging a federal conviction, his remedy is to file a motion pursuant to 28 U.S.C. § 2255. However, as Cook realizes, Congress has decreed that a district court cannot entertain a second or successive § 2255 motion without an order from the court of appeals. Absent exceptional circumstances, which are not present in this case, Cook cannot use 28 U.S.C. § 2241 to circumvent that requirement. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999).

In any event, *Almany* has been abrogated by the Supreme Court decision of *Abbott v. United States*, 562 U.S. ___, 131 S. Ct. 18 (2010). Because *Almany* is no longer good law, it does not afford Cook any relief.

Because it plainly appears from the face of the petition that Cook is not entitled to any habeas corpus relief in this court, the petition for the writ of habeas corpus will be **DISMISSED**. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c). The court will **CERTIFY** that any appeal from this action would not be taken in

good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                          s/ Leon Jordan
                                    United States District Judge